UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CIVIL ACTION NO. 5:06CV-56-R

ANTHONY RUPP                                                                                                   PLAINTIFF

v.

SALENA LEFLER, et al.                                                                                       DEFENDANTS

## OPINION AND ORDER

This matter is before the Court on motion to remand (Dkt. # 6) of Plaintiff Anthony Rupp ("Rupp").  Defendants responded (Dkt. # 11).  This matter is now ripe for adjudication.  For the reasons that follow, the Court **DENIES** Plaintiff's motion to remand.

## DISCUSSION

Plaintiff Rupp filed this action for judgment in McCracken Circuit Court, Paducah, Kentucky, seeking judgment against Defendants for injuries arising out of an automobile accident that occurred on or about June 12, 2004. Plaintiff's Complaint was filed in McCracken Circuit Court on March 8, 2006, and Defendants filed their notice of removal on April 13, 2006. Plaintiff contends that this was one day late because the 30-day period allowed for removal by the statute, 28 U.S.C. § 1446(b), expired the day before and that remand to McCracken Circuit Court is therefore required.

Plaintiff argues that the 30-day period expired on April 12, 2006 because the Secretary of State was served on March 13, 2006.  Defendants argue that the thirty-day period began on March 16, 2006, the date reflected on the return receipts signed by Defendants Haulers Insurance

1

Company and Jim Wunderlich, apparently the only Defendants to have been successfully served. Defendants correctly note that the Sixth Circuit, in interpreting commencement of the 30-day limitation period, has adopted the "receipt rule," which provides that the period begins "when the defendant has in fact received a copy of the initial pleading that sets forth the removable claim." *Tech Hills II Associates v. Phoenix Home Life Mut. Ins. Co.*, 5 F.3d 963, 968 (6th Cir. 1993). Because Mr. Wunderlich and Mr. Walker are both authorized to accept service of process, and both received it on March 16, the 30-day period began on that date. Defendants' notice of removal, filed on April 12, was therefore timely filed and remand is not required.

## CONCLUSION

For the reasons outlined above, the Court concludes that Defendants' notice of removal was timely filed within the limits of 28 U.S.C. § 1446(b). The Court therefore **DENIES** Plaintiff's motion to remand.

**IT IS SO ORDERED.**